FILED E-FILED
Monday, 03 July, 2017 02:36:27 PM
Clerk, U.S. District Court, ILCD

JUL - 3 2017

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MOHAMMAD MANSOORI, | ) Civil Action No. 17-1312 |
| Plaintiff, | ) |
| | ) **Civil Complaint Submitted Pursuant** |
| v. | ) **To Bivens V. Six Unknown Federal** |
| | **Narcotics Agents, 403 U.S. 388** |
| RICARDO RIOS, Warden, | ) **(1971), And The Administrative** |
| | **Procedures Act, 5 U.S.C. §§ 701-** |
| DR. SCOTT MOATS, Clinical Director, | ) **706** |
| S. JOHNSON, Health Administrator, | ) (Jury Trial Demanded) |
| Defendants. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, Mohammad Mansoori, pro se, and brings suit against the Defendants pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

### COMPLAINT

JURISDICTION:

1. The Court has jurisdiction over the instant claims seeking a monetary judgment against the Defendants for violations of his Constitutional rights pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

2. The Court has jurisdiction over the instant claims against the

Defendants seeking a judgment against the Defendants compelling an agency action under the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

3. This Court has original jurisdiction over the Constitutional claims presented in this suit under 28 U.S.C. § 1331.

4. Because a substantial part or all of the acts and omissions addressed by this Complaint occurred within the reach and jurisdiction of this Court, venue is established with the United States District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b)(2).

PARTIES:

5. The Plaintiff, Mohammad Mansoori (hereinafter the "Plaintiff"), Reg. No. 07604-424, is a federal prisoner currently incarcerated at the Federal Correctional Institution ("F.C.I.") located in Pekin, Illinois. The Plaintiff may be reached by mail by writing at Post Office Box 5000, Pekin, Illinois 61555-5000.

6. Defendant No. 1, Ricardo Rios, was the Warden at F.C.I. Pekin during the time of the acts and omissions subject to this suit. Defendant No. 1 is represented by the United States Attorney's Office for the Central District of Illinois, who may be reached at 211 Fulton Street, Suite 400, One Technology Plaza, Peoria, Illinois 61602.

7. Defendant No. 2, Dr. Scott Moats, is the Clinical Director for F.C.I. Pekin and may be reached at 2600 S. 2nd Street, Pekin, Illinois 61554.

8. Defendant No. 3, S. Johnson, is the Health Administrator for F.C.I. Pekin, and may be reached at 2600 S. 2nd Street, Pekin, Illinois 61554.

STATEMENT OF THE CLAIMS:

9. The following claims constitute a statement of the claims presented for this Court's review:

Ground One:  The Defendants Have Been Deliberately Indifferent To The Plaintiff's Medical Needs In Violation Of His Right To Receive Adequate Medical Care Under The Statutes, Rules, Laws And Constitutions Of The United States And The State Of Illinois

Ground Two:  The Defendants Violated The Plaintiff's Rights To Receive Adequate Medical Care By Failing In Their Duty To Exercise Reasonable Care When Making Medical Decisions Detrimental To The Plaintiff

Ground Three:  The Defendants Have, In Violation Of The Plaintiff's Right To Receive Adequate medical Care Under The Statutes, Rules, laws And Consitutions Of The United States And Of The State Of Illinois, Caused The Plaintiff To Suffer Pain Unnecessarily, And Have Caused Him Serious And Irreparable Harm, As A Result Of Their Acts Of Malfeasance And Nonfeasance And Deliberate Indifference

Ground Four:  The Defendants Violated The Adminstrative Procedures Act, 5 U.S.C. §§ 701-706, By Making Medical Decisions Adverse To The Plaintiff That Were Abitrary, Capricious, And Constitute An Abuse Of Discretion

Ground Five:  The Defendants Violated The Administrative Procedures Act, 5 U.S.C. § 701-706, By Making Medical Decisions Adverse To The Plaintiff That Failed To Observe The Procedures Required By Law And That Were Unsupported By Substantial Evidence Warranting The Agency Action Taken

FACTS SUPPORTING CLAIMS:

10. The Plaintiff has been incarcerated within the Federal Bureau of Prisons ("FBOP") for more than 20 years.

11. The Plaintiff is currently incarcerated at F.C.I. Pekin, and has been so incarcerated at F.C.I. Pekin since August of 2012.

12. The Plaintiff is 57 years old and has an extensive medical history documented by the FBOP.

13. The Plaintiff has been diagnosed within approximately more than 20 Chronic Care conditions –conditions that require regular and routine medical assements and that are degenerative in nature.

14. Among the ailments the FBOP has diagnosed and treated the Plaintiff for is Diabetes (Type II), nerve pain, Rheumatoid Arthritis, joint pain, and ankle/foot pain due to bilateral plantar fasciitis. (non-exhaustive list of documented ailments).

15. The Plaintiff has been physically examined by approximately 9 Clinical Directors and Doctors, innumerable Practioner's Assistants, and has been examined more than one hundred times by such medical personnel.

16. The Plaintiff has been consistently diagnosed as needing medical shoes and orthotics for his "diabetic neuropathy" and Rheumatoid Arthritis.

17. The Plaintiff, as a result of the prior examinations of his medical conditions, has been consistently diagnosed as needing a lower bunk pass.

18. The Plaintiff has been diagnosed as having a "positive ANA" revealing a "developing" condition including "Tinel's Syndrome, Rheumatoid Arthritis and Carpal Tunnel Syndrome causing the Plaintiff limited ability to use his hands under normal circumstances.

19. The Plaintiff, therefore, has difficulty and/or is sometimes unable to tie or untie his shoes.

20. The Plaintiff has been medically declared as needing medical shoes for approximately 18 years after being diagnosed and examined by numerous medical personnel.

21. On 28 November 2012, the Plainftiff was interviewed pursuant to his request for his overdue issue of his medical shoes.

22. All the Defendants were present at the interview.

23. Though the Plaintiff was "interviewed" concerning his request for new medical shoes (he received new medical shoes every year and was overdue), he was NOT physically examined by the Defendants to determine whether he had a greater or even a continuing need for medical shoes.

24. The last assessment the Plaintiff received concerning his need for medical shoes was conducted on 17 August 2012, and the Plaintiff was NOT "physically examined" by the Defendants, but was physically examined by Doctor Lee Ho, another Doctor at F.C.I. Pekin.

25. Dr. Lee Ho's physical examination of the Plaintiff reported that the Plaintiff met the criteria for a medical shoe due to "stage III+ peripheral neuropathy."

26. The "interview" on 28 November 2012 was conducted in response to Medical's failure to provide the Plaintiff with the medical shoes ordered by Dr. Lee Ho on 17 August 2012.

27. At the interview, it became clear the Defendants did NOT want to incur the expense of providing the Plaintiff with the medical shoes and that the medical shoe would be discontinued. Dr. Moats indicated that he was going to examine the Plaintiff's medical file and make a determination.

28. The Plaintiff then stated he would like for Dr. Moats to physically examine him during the interview and for Dr. Moats to make his determination after a de novo reveiw of his condition.

29. The interview concluded with the understanding that the Plaintiff would not get his medical shoes until Dr. Moats reassessed his need for such after a review of his medical record.

30. Soon after the interview, it was made know to the Plaintiff that ALL medical permits granted to the Plaintiff had been revoked by Dr. Moats based upon his review of the Plaintiff's medical files.

31. The Plaintiff was, therefore, compelled to go without medical shoes and was forced to wear institution boots.

32. The Plaintiff's condition worsened, and he suffered pain and limitations on his mobility.

5

33. The Plaintiff filed numerous Administrative remedy requests seeking to reobtain his permits for, inter alia, medical shoes.

34. While the Plaintiff's Administrative remedy request was pending with the Central FBOP Office in Washington, D.C., medical staff here at F.C.I. Pekin contacted the Plaintiff and indicated that it was going to now provide him with medical shoes in response to his Administrative Remedy request.

35. The Plaintiff was instructed that because medical now agreed that it would provide him with medical shoes, that he no longer needed to (and should not) seek any administrative remedies to obtain the relief he was requesting.

36. The Plaintiff received medical shoes as promised.

37. The Plaintiff's Administrative Remedy request filed with the Central FBOP Office In Washington, D.C., was deemed moot as their review of the records revealed the Plaintiff received medical shoes after all.

38. Because the Defendants agreed that the Plaintiff would continue to receive medical shoes as necessary to his documented condition and need, and because the Plaintiff was assured that he need not seek any additional remedies at law to obtain his medical shoes, the Plaintiff did <u>NOT</u> seek or file any additional requests for administrative remedies nor did he seek judicial review of the medical shoe issue.

39. After the passage of more than one year (the time when the Plaintiff would be issued new medical shoes), medical reneged on its promise to afford the Plaintiff with the medical shoes, and told him that he could restart the Administrative Remedy process anew if he was dissatisfied with the decision.

40. The Defendants' decision, once again, was <u>NOT</u> based upon any de novo examination of the Plaintiff and his medical condition.

41. Rather, the Defendants' decision to renege on its promise (and resolution of the Plaintiff's administrative remedy request) to provide the Plaintiff with medical shoes yearly was based upon its alleged review of the Plaintiff's medical files.

42. However, once again, Dr. Lee Ho had reviewed the Plaintiff's medical condition and had, again, concluded that the Plaintiff qualified for and needed medical shoes when he wrote his report following his 23 September 2016 examination of the Plaintiff.

43. The Defendants' refusal to comply with their previous resolution of the Plaintiff's request for an administrative remedy on the medical shoe issue, and the Defendants' failure to comply with their repeated and continued determination that the Plaintiff needs medical shoes for his medical conditions, has caused the Plaintiff to suffer severe pain.

44. Due to the Plaintiff's lack of medical shoes, he has suffered increased pain, swelling, increased limitations on his movement, and has suffered an inability to tie his own shoes (medical shoes accommodate this disability because they contain velcro straps instead of laces).

45. The Plaintiff's limited mobility has caused him to exercise less which has exacerbated his other medical conditions for which exercise and regular movement is prescribed.

46. In refusing to even examine the Plaintiff before making medical decisions, such as that to take away his shoe permit and withold the provision of medical shoes, demonstrates that the Defendants have been deliberately indifferent to the Plaintiff's well-documented medical needs.

47. The Defendants' act of witholding the provision of medical shoes for any non-medical reason constitute deliberate indifference where the medical need for the shoes has been well-documented for more than 18 years.

48. The Defendants decision to withold the provision of medical shoes violates the Adminstrative Procedures Act, 5 U.S.C. §§ 701-706 because the decision is (1) arbitrary , (b) capricious, and (c) an abuse of discretion becuase the decision (d) failed to observe procedure (failing to physically examine the Plaintiff before reaching a medical conclusion), and (e) is NOT supported by "substantial evidence" in that the decision is contradicted by (f) the FBOP's last 18 years of medical conclusions, and (g) is belied even by F.C.I. Pekin's own medical diagnoses.

49. The FBOP, by and through the Defendants, has unlawfully withheld and unreasonably delayed, the provision of needed and documented medical care.

50. The Defendants have, therefore, failed to exercise the reasonable and professional care demanded of them by the statutes, rules, laws and Constitutions of the United States and State of Illinois.

51. The Defendants breach of their owed duty of care therefore renders them liable under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>:

52. Though the Plaintiff is not required to plead and prove that he has exhausted his administrative remedies, he nonetheless asserts he has exhausted his administrative remedies as required by law.

53. To the extent that the Defendants have previously informed the Plaintiff that he need not seek further administrative remedies on the issues presented by this case, they have waived any further compliance with the Administrative Remedy process.

DEMAND FOR JURY TRIAL:

54. The Plaintiff demands a trial by jury on any issues that may be deemed triable by the Court, including the amount of damages to be granted to the Plaintiff.

REQUESTED RELIEF:

55. The Plaintiff requests COMPENSATORY DAMAGES in the form of a monetary judgment against the Defendants in the amount up to and including $75,000.00 for pain, suffering, and actual damages.

56. The Plaintiff seeks PUNITIVE DAMAGES in the form of a monetary judgment against the Defendants in the amount up to and including $75,000.00 for the wanton and unnecessary infliction of pain and suffering.

57. The Plaintiff seeks a judgment against the Defendants compelling them to provide the Plaintiff with medical shoes every six months until it can otherwise be medically proven that the Plaintiff's condition and diagnosis no longer requires such treatment.

58. The Plaintiff seeks a judgment against the Defendants compelling them to restore all his medical permits rescinded by the Defendants in violation of the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

59. The Plaintiff seeks a monetary judgment against the Defendants for all fees and expenses associated with the cost of prosecuting this suit and for seeking administrative remedies, and all fees associated with his numerous and unnecessary medical visits seeking the relief requested herein.

CERTIFICATION OF VERACITY:

60. The Plaintiff asserts under the penalty of perjury, 28 U.S.C. § 1746, that the foregoing facts are true and correct to the best of his recollection, knowledge and belief.

*Mohammad Mansoori*
Mohammad Mansoori
Reg. No. 07604-424
Federal Correctional Institution
Post Office Box 5000
Pekin, Illinois 61555-5000.

Plaintiff / Pro Se

June 30, 17

Mohammad Mansoori
# 07604-424
Federal Correctional Institution
P O BOX 5000
Pekin, IL 61555
United States

"LEGAL MAIL"

⇔07604-424⇔
Clerk Of U S  Court House
District Court
100 NE Monroe ST
Peoria, IL 61602
United States

RECEIVED
JUN 30 2017
FCI PEKIN
MAIL ROOM

