UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMAD MANSOORI, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 17-cv-1312-MMM |
| | ) |
| RICARDO RIOS, *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW ORDER

Plaintiff, a federal prisoner confined at the Federal Correctional Institution in Pekin, Illinois ("FCI-Pekin"), files a complaint after payment of the filing fee. Plaintiff asserts actions under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 554-555 and §§ 701-706. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff claims to suffer from more than 20 chronic health conditions including Type II Diabetes, rheumatoid arthritis, nerve pain, joint pain, carpal tunnel and bilateral plantar fasciitis. Plaintiff claims that for 18 years he has had permits for medical shoes and orthotics due to his

1

diabetes and rheumatoid arthritis. On November 28, 2012, he was interviewed by Defendants Rios, Moats and Johnson after he requested the renewal of his permit for medical shoes. FCI-Pekin Medical Director, Dr. Moats indicated that he would review Plaintiff's medical file and render a decision. He did so at a later date, revoking Plaintiff's permits.

Plaintiff was thereafter issued institutional boots which he was unable to tie due to the chronic conditions in his hands. He claims that without the medical shoes his diabetic neuropathy worsened. Plaintiff filed an Administrative Remedy, grieving the matter. Plaintiff's administrative remedy was denied at the institutional level and he appealed to the Central Bureau of Prisons ("BOP") Office in Washington, D.C. During the pendency of the appeal, Plaintiff's permits were reinstated and the appeal was dismissed as moot.

Plaintiff claims, however, that his permits expired after one year and were not renewed. On September 23, 2016, he was examined by Dr. Lee Ho, not a defendant, who agreed that he should have medical shoes. It is unclear whether Plaintiff was, in fact, provided the shoes after this examination. Plaintiff requests compensatory and punitive damages; as well as injunctive relief, that all of his medical permits be restored and that he be provided new medical shoes every six months.

Plaintiff's *Bivens* claim is brought against Defendants Warden Rios, Dr. Moats and Health Administrator Johnson in their individual capacities, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. It is well established that deliberate indifference to a serious medical need is actionable as an Eighth Amendment violation. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference claim must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th

Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751. Deliberate indifference may be shown where prison officials delay the treatment of an objectively serious medical need. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996) (internal citations omitted).

Plaintiff has alleged enough at this juncture for the Eighth Amendment claim to proceed against Defendants Moats. He has failed to allege, however, that Defendants Rios or Johnson participated in the decision to deny the permits or that they had the authority to overrule Defendant Moats's decision. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), "[p]ublic officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.…the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."

Plaintiff also alleges that Defendants' actions violated the APA. It is unclear whether he claims that the APA violation arose from the initial decision not to renew the permits or the subsequent denial of his related grievances. Either way, Plaintiff claims that Defendants' decisions were arbitrary, capricious, an abuse of discretion and not supported by substantial evidence.

The APA is codified at 5 U.S.C. § 554 *et seq.,* and at 5 U.S.C. § 701 *et seq.* It allows claims for injunctive relief but not money damages, for injury caused by agency action. *Czerkies v. U.S. Dep't of Labor,* 73 F.3d 1435, 1438 (7th Cir.1996) (§ 702 allows judicial review of agency actions, waiving the federal government's sovereign immunity). Here, however, Plaintiff asserts his action against the individual FCI-Pekin Defendants and does not claim that their

denial of his grievances was a final agency action. *Robbins v. Wilkie*, 300 F.3d 1208, 1212 (10th Cir. 2002) ("the APA contains no remedy whatsoever for constitutional violations committed by individual federal employees unrelated to final agency action.") *See also Thelen v. Cross*, 656 Fed. Appx. 778, 780 (7th Cir. 2016), *reh'g denied (Aug. 30, 2016)* (the APA does not authorize action against a warden as a representative of an agency).

Furthermore, under its terms the APA does not apply if another statute precludes judicial review. 5 U.S.C. § 701(2). 18 U.S.C. § 3621 et seq., which enumerates the BOP's delegated authority over federal prisoners has been determined to exclude APA judicial review of a BOP "determination, decision, or order." 18 U.S.C. § 3625. *See Reeb v. Thomas*, 636 F.3d 1224, 1226 (9th Cir. 2011) (the plain language of § 3625 prohibits the application of APA judicial review to BOP powers codified at §§ 3621-3624). As a result, § 3621 (g)(1), which specifically grants BOP authority to make medical and care decisions as to prisoners, is precluding from APA judicial review under § 3625.

If the Court construes Plaintiff as asserting an APA claim for the denial of his grievances, this is also is precluded under § 3625. *See Scates v. Doe*, No.15-2904, 2016 WL 8672963, at *7 (D.S.C. May 6, 2016), ('[t]he administrative remedy [grievance] program is part of postsentence administration and, therefore, may not be reviewed under the APA.) *report and recommendation adopted,* No. 15-2904, 2016 WL 3769449 (D.S.C. July 13, 2016); *Shepard v. Rangel*, No.: 12-01108, 2014 WL 7366662, at *14 (D. Colo. Dec. 24, 2014) (there is no APA jurisdiction over an administrative remedy claim). Accordingly, Plaintiff's APA claim is dismissed with prejudice, as precluded by statute.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on Plaintiff's *Bivens* claim of deliberate indifference as to Defendant Moats. Plaintiff's APA claim is DISMISSED with prejudice. Defendants Rios and Johnson are DISMISSED. Plaintiff will have 30 days to file an amended complaint at to Defendants Rios and Johnson, should he wish. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Court will file a separate order AMENDING its text order of September 27, 2017, in which it indicated that the clerk would issue waivers of service after merit review. As Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, it will be his responsibility under CDIL-LR 16.3(D) to arrange service on Defendant. The clerk is directed to send Plaintiff a copy of Fed. R. Civ. P. 4 and waivers of service for Defendant. If Defendant does not return a signed waiver of service, Plaintiff will be responsible for arranging personal service on him. If Plaintiff lacks the funds to pay for personal service, he may file a petition to proceed in forma pauperis for the purpose of service.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

2) LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 12/7/2017

_____s/ Michael M. Mihm_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE